ANTHONY VINCE NAIL SPA INC.,    )
    )
    Plaintiff,    )
    )
    v.    )    Case No.  1: 26-cv-00363
    )
VINCI NAIL SPA LLC    )
VINCI NAIL SPA HP LLC    )
VINCI NAIL SPA III LLC,    )    JURY DEMAND
    )
    )
    Defendants.    )
    )

## COMPLAINT

NOW COMES Plaintiff, Anthony Vince Nail Spa Inc. ("Plaintiff") by and through its undersigned counsel of record, and files this Complaint against Vinci Nail Spa LLC ("VNS"), Vinci Nail Spa HP LLC ("VNSHP"), and Vinci Nail Spa III LLC (VNS3") (collectively referred to as "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for trademark infringement, unfair competition, false designation of origin, passing off, and dilution under the Lanham Act, 15 U.S.C. § 1114, 1125(a), 1125(c); common law trademark infringement, and Deceptive and Unfair Trade Practices Under N.C. Gen Stat. § 75-1.1 *Et Seq.*

## PARTIES

2. Plaintiff, Anthony Vince Nail Spa INC. is an Illinois corporation, with a principal place of business at 680 North Lake Shore Drive, Suite 110 #2509, Chicago, Illinois, 60611.

3. Defendant Vinci Nail Spa LLC is a North Carolina limited liability company. With its registered principal office street address at 6027 West Gate City Boulevard, Suite D, Greensboro, North Carolina 27407.

4. Defendant Vinci Nail Spa HP LLC is a North Carolina limited liability company. With its registered principal office street address at 1589 Skeet Club Road, Unit 152, High Point, North Carolina 27265.

5. Defendant Vinci Nail Spa III LLC is a North Carolina limited liability company. With its registered principal office street address at 5710 West Gate City Boulevard, Suite K Pmb 288, Greensboro, North Carolina 27407.

## JURISDICTION AND VENUE

6. As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

7. As this case relates to unfair competition and deceptive trade practices that are joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

2

8. This Court also has jurisdiction pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

10. This Court has personal jurisdiction over Defendants, as they are all North Carolina residents.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) in that the Defendants are residents of and transact business in, Greensboro North Carolina.

## FACTUAL BACKGROUND

12. Plaintiff and its licensees currently own and operate at least 32 salons in the States of Alabama, Colorado, Florida, Illinois, Iowa, Kentucky, Michigan, Missouri, North Carolina, Ohio, Tennessee, and Texas that provide manicures, pedicures, facials, and waxing services under the name Venetian Nail Spa.

13. Plaintiff AV Nail Spa is the current owner of numerous federally registered trademarks.

14. Plaintiff AV Nail Spa is the owner of all rights, title, and interest, including the right to sue for infringement, in United States Trademark Registration Nos. 6196101 for the word mark "M. Vincé Nail Spa," 6282813 for the "M. Vincé" logo mark, 6533603 for the word mark "M. Vincé," 5680559 for the word mark "ANTHONY VINCE," 5605600 for the word mark "ANTHONY VINCE NAIL SPA," each registered

3

on the Principal Register in connection with luxury spa and nail salon services, including cosmetic body care services, body waxing services, eyelash extension services, massage, facial and body treatment services, manicure and pedicure services, nail care salon services, and day spa services. True and accurate copies of these registrations are attached hereto as group "**Exhibit A**" and incorporated by reference.

15. The M. Vincé Nail Spa wordmark was registered on November 10, 2020, was first used on November 1, 2019, and used in commerce since November 1, 2019.

16. The M. Vincé logo mark was registered on March 2, 2021, was first used on November 1, 2019, and used in commerce since November 1, 2019.

17. An image of the M. Vincé logo mark is depicted below:



18. The M. Vincé wordmark was registered on October 26, 2021, was first used on November 1, 2019, and used in commerce since November 1, 2019.

19. The Anthony Vince wordmark was registered on February 19, 2019, was first used on February 1, 2016, and used in commerce since February 1, 2016.

20. The Anthony Vince Nail Spa wordmark was registered on November 13, 2018, was first used on February 1, 2006, and used in commerce since February 1, 2006.

4

17.    The marks are depicted below:

| Trademark No. | Trademark | Class |
| --- | --- | --- |
| Registered Trademark No. 6196101 Wordmark | M. Vincé Nail Spa | 044: Beauty spa services, namely, cosmetic body care; Body waxing services; Cosmetic body care services; Eyelash extension services; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services; Manicure services; Nail care salons; Pedicure services; Day spa services, namely, nail care, manicures, pedicures and nail enhancements |
| Registered Trademark No. 6282813 Logo | M. Vincé | 044: Beauty spa services, namely, cosmetic body care; Body waxing services; Cosmetic body care services; Eyelash extension services; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services; Manicure services; Nail care salons; Pedicure services; Day spa services, namely, nail care, manicures, pedicures and nail enhancements |
| Registered Trademark No. 6533603 Wordmark | M. Vincé | 044: Beauty spa services, namely, cosmetic body care; Body waxing services; Cosmetic body care services; Eyelash extension services; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, |

5

| | | cosmetic body care services; Manicure services; Nail care salons; Pedicure services; Day spa services, namely, nail care, manicures, pedicures and nail enhancements |
|---|---|---|
| Registered Trademark No. 5680559 Wordmark | ANTHONY VINCE | 044: Beauty spa services, namely, cosmetic body care; Body waxing services; Eyelash extension services; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services; Manicure services; Nail care salons; Pedicure services; Day spa services, namely, nail care, manicures, pedicures and nail enhancements |
| Registered Trademark No. 5605600 Wordmark | ANTHONY VINCE NAIL SPA | 044: Beauty spa services, namely, cosmetic body care; Body waxing services; Eyelash extension services; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services; Manicure services; Nail care salons; Pedicure services; Day spa services, namely, nail care, manicures, pedicures and nail enhancements |

(collectively referred to as the "**Trademarks**.")

18.     Plaintiff has expended significant sums of money to promote and advertise its business under its Trademarks.

19.     More specifically, Plaintiff and Plaintiff's affiliates have advertised and used its Trademarks in physical and online advertisements.

6

20. On information and belief, Defendants Vinci Nail Spa LLC, Vinci Nail Spa HP LLC, and Vinci Nail Spa III LLC, opened a salon located at 403 Pisgah Church Road, Greensboro, North Carolina 27455, using the name Vinci Nail Spa.

21. On information and belief, Vinci Nail Spa LLC, Vinci Nail Spa HP LLC, and Vinci Nail Spa III LLC are the same or related entities, and operate the salon located at 403 Pisgah Church Road, Greensboro, North Carolina 27455, using the name Vinci Nail Spa.

22. Two of the three entities share different registered offices but share the same mailing address of 5710 West Gate City Boulevard, Suite K#288, Greensboro, North Carolina 27407, the third entity has its registered office address at the same address but has a registered mailing address at 403 Pisgah Church Road Greensboro, North Carolina 27455, the location of the subject salon.

23. Defendants advertise, promote, sell, and offer to sell manicures, pedicures, and waxing services by using Plaintiff's Trademarks at its two salon locations.

24. Images of Defendants' infringing uses are depicted below:

7

1. <u>https://thevincinailspa.com/</u>



2. https://www.instagram.com/vincinailspa.greensboro



3. https://www.facebook.com/people/Vinci-Nail-Spa-N-Elm-Village/61582402528579/



25.     Plaintiff and Defendants each advertise, promote, sell, and offer to sell manicure, pedicures, and waxing services and are thus in identical industries.

10

26. On or about December 4, 2025, Plaintiff became aware of Defendants' usage of marks that are confusingly similar to Plaintiff's marks and immediately notified Defendants of its infringing use.

27. Plaintiff sent a cease-and-desist letter to Defendants on December 19, 2025, and a follow-up to the cease-and-desist letter on January 15, 2026.

28. Defendants have not yet responded to the cease-and-desist letter or the subsequent follow-up.

29. Plaintiff has never authorized or licensed Defendants to use its Trademarks nor any confusingly similar derivative of them.

30. Defendants with full knowledge of Plaintiff's Trademarks have refused Plaintiff's request to stop using Plaintiff's Trademarks, thereby making the use and continued use of Plaintiff's Trademarks deliberate, willful, and wanton.

## CAUSES OF ACTION

### COUNT I - FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114
### (Against all Defendants)

31. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 30 above, as if fully restated herein.

32. Defendants have used in commerce, reproductions, counterfeit, copies, and/or colorable imitations of Plaintiff's Trademarks in connection with the promotion, advertising, sale, and offering for sale of its services.

11

33. Defendants' branding comprises of counterfeit, spurious marks which are substantially indistinguishable from Plaintiff's Trademarks, such that it is likely to cause confusion.

34. As a direct and proximate result of Defendants' infringing use of Plaintiff's Trademarks, Plaintiff has lost goodwill associated with its trademarks.

35. Plaintiff will be irreparably damaged by continued loss of goodwill and loss of control over the reputation of its trademarks unless Defendants are prevented from continuing to promote, advertise, sell, or to offer for sale its services associated with the intentionally and confusingly similar marks.

36. Defendants have thereby created a likelihood of confusion in the marketplace that will continue and increase if Defendants are permitted to continue their unauthorized use and misappropriation of Plaintiff's Trademarks.

37. Defendants adopted the marks, upon information and belief, with knowledge of Plaintiff's prior usage, and have thereby infringed Plaintiff's Trademarks willfully and with wanton disregard of Plaintiff's rights and will continue to do so unless enjoined.

38. Defendants' use and continued use of Plaintiff's Trademarks is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

39. Plaintiff has been damaged and is likely to be further damaged by Defendants' infringing acts and that damage will be irreparable unless Defendants' conduct is enjoined.

## COUNT II - UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF PURSUANT TO 15 U.S.C. § 1125(a)
### (Against all Defendants)

40. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 39 as if fully restated herein.

41. Defendants' use of Plaintiff's Trademarks to market its nail spa services will likely cause confusion, mistake, or deception on the part of persons seeing Defendants' nail spa services, as to the origin, sponsorship, or approval by Plaintiff of Defendants' nail spa services, all in violation of 15 U.S.C. § 1125(a).

42. Upon information and belief, Defendants' unfair competition, false designation of origin, and passing off have been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

43. The goodwill of Plaintiff's Trademarks is of enormous value, and unless Defendants are restrained from continuing their unlawful conduct now, Plaintiff will suffer irreparable injury.

44. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, statutory damages, disgorgement of profits, and costs and attorneys' fees.

45. Likewise, Plaintiff is entitled to compensation from Defendants for their past unfair competition, false designation of origin, and passing off.

13

## COUNT III - FEDERAL TRADEMARK DILUTION
## 15 U.S.C. § 1125(c)
## (Against all Defendants)

46.     Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 45 as if fully restated herein.

47.     Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness and effectiveness of Plaintiff's Trademarks by eroding the public's exclusive identification of these famous marks, tarnishing and degrading the positive associations and prestigious connotations of Plaintiff's Trademarks and otherwise lessening the capacity of the Plaintiff's Trademarks to identify and distinguish services.

48.     Plaintiff's trademarks are famous.

49.     Plaintiff's use of its trademarks in interstate commerce pre-dates Defendants' adoption and use of the marks.

50.     Defendants' unlawful use of the marks in commerce began long after Plaintiff's Trademarks became famous.

51.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trademarks or to cause dilution of the trademark, to the great and irreparable injury of Plaintiff.

52.     Defendants' conduct causes, and will continue to cause, dilution of the distinctive quality of Plaintiff's Trademarks.

14

53. The trademark dilution has caused injury to Plaintiff's Trademarks in the form of lost sales and revenue, lost business reputation, consumer confusion, and will continue to be damaged by Defendants' infringement.

54. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages.

55. Likewise, Plaintiff is entitled to compensation from Defendants for their past dilution.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT
### (Against all Defendants)

56. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 55 as if fully restated herein.

57. Defendants' use in commerce of "Vinci Nail Spa" is confusingly similar to Plaintiff's marks.

58. Defendants use in commerce of "Vinci Nail Spa" is made without authorization from Plaintiff and such unauthorized use by Defendants constitute common law trademark infringement.

59. Defendants' unlawful acts violate Plaintiff's common law trademark rights and have damaged and will continue to damage Plaintiff's goodwill and business reputation, causing irreparable harm.

## COUNT VII – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER N.C. GEN STAT. § 75-1.1 *Et Seq.*
### (Against all Defendants)

60.     Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 59 as if fully restated herein.

61.     Defendants use in commerce of "Vinci Nail Spa" is confusingly similar to Plaintiff's use of its marks and is an unfair or deceptive act or practice which causes confusion and/or mistake and/or deception of persons into believing that Defendants services were sold, licensed or authorized for sale by Plaintiff or associated with Plaintiff.

62.     These actions by Defendants constitute an unfair trade practice pursuant to N.C. Gen. Stat. § 75-1.1 Et Seq.

63.     Defendants' deceptive and unfair trade practices have damaged Plaintiff's goodwill and business reputation, causing irreparable harm.

## COUNT VII - UNJUST ENRICHMENT
## NORTH CAROLINA COMMON LAW
### (Against all Defendants)

64.     Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 63 as if fully restated herein.

65.     Due to Defendants' unauthorized use of Plaintiff's Trademarks, Defendants have gained financial benefit from their infringing activities from their willful and deliberate use of Plaintiff's Trademarks.

16

66. Defendants have taken advantage of the goodwill associated with Plaintiff and its trademarks, making it inequitable for Defendants to retain the benefit without payment of its value.

67. The aforesaid acts of Defendants constitute unjust enrichment of Defendants at the expense of Plaintiff in violation of North Carolina common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c); (ii) engaged in common law trademark infringement, and unfair competition; and (iii) Defendants have unjustly enriched themselves at the expense of Plaintiff.

B. Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

    i. advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services that bear Plaintiff's Trademarks or any other mark or design element substantially similar or confusing thereto;

17

ii. engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with Plaintiff's Trademarks;

iii. engaging in any other activity that will cause the distinctiveness of Plaintiff's Trademarks to be diluted.

C. Requiring Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E. Awarding Plaintiff statutory damages or in the alternative its actual damages suffered as a result of Defendants' actions;

F. Awarding actual and punitive damages to which it is entitled under applicable federal and state laws;

18

G.      Awarding reasonable attorneys' fees;

H.      Awarding prejudgment interest on any monetary award made part of the judgment against Defendants; and

I.      Awarding Plaintiff such additional and further relief as the Court deems just and proper.


Dated: April 22, 2026

Respectfully submitted,

*/s/ Gilbert J. Andia, Jr.*
Gilbert J. Andia, Jr. (NCSB 16533)
HIGGINS BENJAMIN, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
Tel:  336-273-1600
Email: bandia@greensborolaw.com

Sean Sharp (pro hac vice to be filed)
Kennedy Snyder (pro hac vice to be filed))
Atom Law Group
770 N. LaSalle, Suite 700
Chicago, IL 60654
Tel: (312) 943-8000
Email: ssharp@atom.law
Email: ksnyder@atom.law

19